UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KIMBERLY DOVERSPIKE,                                              CIVIL NO. 03-5601 ADM/AJB

      PLAINTIFF,

V.                                                                REPORT AND RECOMMENDATION ON PLAINTIFF'S
                                                                  MOTIONS FOR ENTRY OF JUDGMENT AND
                                                                  ATTORNEY FEES AND DEFENDANT'S POST
                                                                  JUDGMENT MOTION UNDER FED. R. CIV. P. 59

CHANG O'HARA'S BISTRO, INC.,

      DEFENDANT.

___

DONALD H. NICHOLS, ESQ., STEVEN ANDREW SMITH, ESQ., AND MICHELE R. FISHER, ESQ., FROM NICHOLS KASTER & ANDERSON, P.L.L.P. FOR PLAINTIFF MARY BRIEL.

THOMAS J. FLYNN, ESQ., AND CHRIS M. HEFFELBOWER, ESQ., FROM LARKIN HOFFMAN DALY & LINDGREN LTD., AND ROBERT MILLS MCCLAY, ESQ., FROM MCCLAY-ALTON, P.L.L.P. FOR DEFENDANT CHANG O'HARA'S BISTRO, INC.

___

**I.   INTRODUCTION**

This matter is before the court, United States Magistrate Judge Arthur J. Boylan, for a report and recommendation to the district court. *See* 28 U.S.C. § 636 (b)(1)(B) and Local Rule 72.1. Plaintiff Kimberly Doverspike (Doverspike) successfully brought claims of discrimination under Title VII of the Civil Rights Act of 1964 (Title VII) and the Minnesota Human Rights Act (MHRA) against Chang O'Hara's Bistro, Inc. (Chang O'Hara's). On March 8, 2005, the district court entered the judgment returned by the jury against Chang O'Hara's for $10,000 in actual damages and $90,000 in punitive damages. (Docket No. 86.) Chang O'Hara's has requested post judgment relief, pursuant to Fed. R. Civ. P. 59. In addition, Doverspike has brought two motions before the court. Doverspike's

first motion requests that the court (1) award treble the jury award for compensatory damages for emotional distress, (2) award prejudgment interest for the compensatory damages, and (3) assess a civil penalty against Chang O'Hara's under the MHRA.  Doverspike's second motion requests attorney fees and costs under Title VII and the MHRA.

**II.   DISCUSSION**

    **A.   CHANG O'HARA'S ARGUMENT TO ALTER JUDGEMENT PURSUANT TO RULE 59**

Under Fed. R. Civ. P. 59, a party may move to amend a judgment by filing a motion with the court within ten days of the entry of judgment.  Fed. R. Civ. P. 59(e).  Rule 59(e) "was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment."  *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998).  "Motions to alter or amend judgment cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment."  *Id.*  Motions under rule 59(e) serve a very narrow purpose of preventing a manifest error in fact or law.  *Id.*

Under Title VII, a plaintiff may recover punitive damages if she can show that her employer engaged in intentional discrimination "with malice or with reckless indifference to the federally protected rights of an aggrieved individual."  42 U.S.C. § 1981a(b)(1).  Here, the jury awarded Doverspike punitive damages of $90,000 based on the finding that Chang O'Hara's acted with "reckless indifference to Ms. Doverspike's right to be free of sexual harassment and/or retaliation."  Special Verdict, Docket No.85.

Chang O'Hara's cites to several reasons why the judgment should be amended with respect to

the $90,000 punitive damages awarded by the jury. Chang O'Hara's argues that the punitive damages award should be remitted because: (1) Doverspike failed to present evidence of reckless indifference and therefore the punitive damages instruction should not have been given to the jury; (2) the admission of prejudicial evidence wrongly influenced the jury; (3) the punitive damages award exceeds the maximum allowed under the law; (4) the punitive damages award is out of proportion with the compensatory damage award; and (5) there was an inadequate financial record to support Chang O'Hara's ability to pay a punitive award. Chang O'Hara's first, second, and fifth arguments fail under a Rule 59(e) motion because they present no new evidence, legal argument, or legal theories that could not have been raised prior to the entry of judgment. *See Innovative Home Health Care, Inc.*, 141 F.3d at 1286. As evidenced by the following discussion, even if these three arguments were proper under Rule 59(e) motion, they would have no merit. Chang O'Hara's remaining arguments pertain to the allocation, proportionality and limitations of the damages awards. These arguments will be addressed in the discussion of amount and allocation of damages in the following section. *See infra* Part II B.

                    1.        *Punitive Damages Instruction to the Jury*

Chang O'Hara's contends that there was insufficient evidence to support the district court issuing a jury instruction on punitive damages. Def. Post Judgment Mem. at 1. Chang O'Hara's argues that an employer may not be held vicariously liable for the discriminatory actions of its managerial employees where the employees actions are contrary to the "employer's good faith effort to comply with Title VII." Chang O'Hara's states that the evidence is sufficient for the court to conclude "as a matter of law," that the good faith defense precludes its liability. Def. Post Judgment Mem. at 2-3.

This argument fails for reasons beyond its failure to be a proper argument under Rule 59(e). First, although Chang O'Hara's does not cite to Fed. R. Civ. P. 50,[1] Chang O'Hara's states that the record establishes that the "good faith" defense, available to employers who have presented evidence of a good faith effort to comply with Title VII requirements, applied here *as a matter of law*. *See* Def Post Judgment Mem. at 2-3. This appears to be a post verdict motion for judgment as a matter of law. As such, according to Fed. R. Civ. P. 50(b), Chang O'Hara's is prevented from bringing such a motion unless a motion for judgment as a matter of law was made at the close of trial. There is no indication in the record, nor does Chang O'Hara's argue, that such a motion was made at trial and that this is a renewal of that motion. Thus, under the Rules, Chang O'Hara's is precluding from arguing judgment as a matter of law post judgment. *See Lawrence v. CNF Transp., Inc.*, 340 F.3d 486, 490 n.1 (8th Cir. 2003).

In addition, under Fed. R. Civ. P. 51, a party that has been informed of a proposed jury instruction must raise all objections to that instruction before the instructions have been given to the jury and before closing arguments are delivered. Fed. R. Civ. P. 51(c). Chang O'Hara's does not indicate whether there was a properly raised objection at trial. (*See* Def. Post Judgment Mem. at 1-3.) Doverspike claims that the legal theory of a "good faith" defense was not raised at trial. (Pl. Opp. Mem. at 4 n.3.) Thus, based on the record before the court, Chang O'Hara's is precluded from bringing an objection to a jury instruction post judgment absent an objection presented at trial. Fed. R.

---

[1] In the memorandum of law, other than the title of the motion, Chang O'Hara's also fails to cite to Rule 59(e), the argued legal support of its motion, nor does it discuss the legal standards that are applicable under Rule 59(e).

Civ. P. 51(c).

Finally, even if Chang O'Hara's had raised the proper objection or motion at trial, a review of the record establishes that there was sufficient evidence to support the court's decision to instruct the jury about punitive damages.

### 2.   *Admission of Prejudicial Evidence*

Chang O'Hara claims that testimony by Doverspike and another employee, Mary Briel, about prior lawsuits that had involved the owner of Chang O'Hara's was in violation of a previous order from the court and that this evidence was improperly used by the jury in awarding and determining punitive damages. First, as to a violation of the court's order, the court allowed a certain limited amount of testimony before cutting off the plaintiff's line of questioning. The court was well aware of the testimony since it resulted in a discussion with counsel outside of the presence of the jury. Given the court's ruling on the matter during the trial, there was no violation of the court's order. In addition, taking into account the multiple issues in this case, as well as extensive amounts of testimony regarding acts of sexual harassment, the court finds that the very limited mention of prior lawsuits against the owner of Chang O'Hara's was not unfairly prejudicial or inflammatory. Cases cited by Chang O'Hara's in support of their argument are contrary to the facts here. *See Bradley v. Hubbard Broad., Inc.*, 471 N.W.2d 670, 679 (Minn. Ct. App. 1991) (reducing punitive damages where district court failed to instruct jury that punitive damages could only be based on defendant's actions with respect to defamation claims and not reprisal and discrimination claims and the testimony and evidence at trail concerning the discrimination claim had overshadowed the defamation claim); *Rosenbloom v. Flygare*, 501 N.W.2d 597, 601 (Minn. 1993) (reducing damages when district court failed to instruct jury that

punitive damages could only be based on defendant's actions with respect to battery claim and not discrimination claim). Here, plaintiff pursued solely claims of discrimination and the amount of testimony about the prior lawsuits was very limited.

                3.        *Chang O'Hara's Ability to Pay Punitive Damages*

Chang O'Hara's argues that "there was inadequate financial record to support a verdict that Chang's has an ability to pay any punitive damages, much less $90,000." Def. Post Judgment Mem. at 7. Chang O'Hara's additionally argues that "[t]o state the obvious, the burden of proof on this issue rests with the Plaintiff." *Id*. In support of this statement, Chang O'Hara's cites to two cases from the Minnesota Supreme Court. *Id.*

The two cases cited by Chang O'Hara's, *Frownes v. Hubbard Broadcasting, Inc.,* 246 N.W.2d 700 (Minn. 1976) and *Minnesota v. Alpine air Products*, 500 N.W.2d 788, 790 (Minn. 1993), however, do not address the burden proof with respect to demonstrating a defendant's ability to pay punitive damages, but merely address the general proposition that plaintiffs bear the burden of proof in a civil case. Far from being obvious, Minnesota state courts appear not to have directly addressed this issue. *See Johnson v. Ramsey County*, 424 N.W.2d 800, 807 (Minn. Ct. App. 1988). The Eighth Circuit, however, has clearly stated that the burden of proof lies with the defendant. *Grabinski v. Blue Springs Ford Sales, Inc.*, 136 F.3d 565, 570-71 (8th Cir. 1998) (holding that it was a defendant's burden to demonstrate its financial position and failing to present evidence at trail on net worth constitutes waiver of that argument). The *Grabinski* Court agreed with the reasoning set forth by the Seventh Circuit in *Kemezy v. Peters*, 79 F.3d 33, 36 (7th Cir.1996) stating that "the usual practice with respect to fines is not to proportion the fine to the defendant's wealth, but to allow him to

6

argue that the fine should be waived or lowered because he cannot possibly pay it." *Id.* (quoting *Kemezy*, 79 F.3d at 36). The court went on to note that "the defendant who cannot pay a large award of punitive damages can point this out to the jury so that they will not waste their time . . . by awarding an amount that exceeds his ability to pay." *Id.* (quoting *Kemezy*). Chang O'Hara's failure to present sufficient evidence at trial regarding its ability to pay punitive damages constitutes a waiver of this argument post judgment. *Id.*

### B.   The Allocation, Limitation, Proportionality, and Amount of Damages

*1.   Allocation and Limitation of Damages Under Title VII and the MHRA*

The jury awarded Doverspike $10,000 for "her emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life" and $90,000 as punitive damages. (Special Verdict, Docket No.85.)  Under 42 U.S.C. § 1981a, "compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section" is limited according to the number of persons employed by the employer.  42 U.S.C. § 1981a(b)(3).  It is undisputed that Chang O'Hara's employs fewer than 101 employers and thus, under Title VII, recovery for the above listed reasons would be limited to $50,000.  Under the MHRA, a plaintiff may recover

> compensatory damages in an amount up to three times the actual damages sustained. In all cases, the administrative law judge may also order the respondent to pay an aggrieved party, who has suffered discrimination, damages for mental anguish or suffering and reasonable attorney's fees, in addition to punitive damages in an amount not more than $8,500.

Minn. Stat. § 363A.29 (2004).

Chang O'Hara's contends that the jury award for compensatory damages should be equally split between the claims raised by Doverspike in her complaint. (Def. Post Judgment Mem. at 7.) Chang O'Hara's further contends that this would result in $5,000 being allocated to the federal claim and the punitive damages being remitted to $45,000 to avoid exceeding the limits imposed by the federal statute. Thus, according to Chang O'Hara's argument, Doverspike's total recovery under the federal claims should be $50,000.

Chang O'Hara's cites no authority for the proposition that compensatory awards must be divided equally between the claims. The Eighth Circuit, however, has recognized that, absent a jury finding under a specific statute, a district court has discretion to allocate damages to either the state or federal claims. *Kimzey v. Wal-Mart Stores, Inc.*, 107 F.3d 568, 576 (8th Cir. 1997); *see also Walsh v. Natinal Computer Sys. Inc.,* 332 F.3d 1150, 1162 (8th Cir. 2003) (affirming an allocation of the entire compensatory award toward the plaintiff's claim under the MHRA), *Luu v. Seagate Technology, Inc.*, No. 99-220 JRT/FLN, 2001 WL 920013 (D. Minn. July 5, 2001) (unpublished decision) (allocating the compensatory damages awarded to a plaintiff with claims under Title VII and the MHRA to the state claim). *Kimzey*, *Walsh*, and *Luu* make clear that a district court has the discretion to allocate a jury award between the claims as it sees fit. Here, in order to keep with the jury's intent in awarding a total of $100,000 to Doverspike, the court allocates the $10,000 compensatory damages to Doverspike's claim under the MHRA. In order to comply with the limitations imposed by Title VII and the MHRA, the punitive damages should be remitted to $58,500, with $50,000 being awarded under Title VII and $8,500 under the MHRA.

  2.  *Multiple Damages Under the MHRA*

Doverspike has brought a motion before the court requesting that the court treble the compensatory damages awarded by the jury. (Motion for Entry of Judgment, Docket No. 93.) Chang O'Hara's argues that the damages should be no more than doubled. In addition, as detailed above, Chang O'Hara's argues that the amount to be doubled should be limited to 1/4 of the total compensatory damages. The court has already determined that the entire $10,000 compensatory damages shall be allocated to the claim under the MHRA. Thus, the remaining issue is what, if any, mutilplier the court should use in determining the total compensatory damages.

Minn. Stat. § 363A.29 authorizes the district court to award compensatory damages up to three time the amount of actual damages. Minn. Stat. § 363A.29, subd. 4. When and under what circumstances a court may choose to apply the multiplier under the MHRA is discretionary with the court and there are no guidelines that a court must follow in making this determination. *Phelps v. Commonwealth Land Title Ins. Co.*, 527 N.W.2d 271, 274 (Minn. 1995), *see also Mathieu v. Gopher News Co.*, 273 F.3d 769, 780 (8th Cir. 2001) (citing to *Phelps* for the authority that the application of a multiplier to compensatory damages under the MHRA is discretionary to the district court). One reason cited by the Minnesota Supreme Court for applying the multiplier is to encourage private litigation in enforcing the MHRA. *See Phelps*, 537 N.W.2d at 274. Here, application of the multiplier is appropriate to encourage private litigation to enforce the MHRA. *See id., Mathieu*, 273 F.3d at 780 ("If encouraging private enforcement of the MHRA is a legitimate goal, a larger award will provide greater incentive toward that end."). Thus, the court concludes that it is appropriate to award Doverspike treble her compensatory damages or $30,000.

    3.    *Prejudgment Interest on Doverspike's Compensatory Damages Award*

9

Doverspike also requests prejudgment interest under Minn. Stat. § 549.09. Under Minn. Stat. § 549.09, subd. 1(b), "preverdict, preaward, or prereport interest on pecuniary damages shall be computed . . . from the time of the commencement of the action." The Minnesota Supreme Court has noted that in 1984 this section was amended to allow for prejudgment "interest irrespective of a defendant's ability to ascertain the amount of damages for which he might be held liable." *Lienhard v. State*, 431 N.W.2d 861, 865 (Minn. 1988). Relying on the supreme court's holding in *Lienhard*, the Minnesota Court of Appeals has determined that prejudgment interest is available for past embarrassment, emotional distress, pain, disability, and disfigurement. *Myers v. Hearth Technologies, Inc.*, 621 N.W.2d 787, 793 (Minn. Ct. App. 2001), *Skifstrom v. City of Coon Rapids*, 524 N.W.2d 294, 297 (Minn. Ct. App. 1994), *see Children's Broadcasting Corp. v. Walt Disney Co.*, Civ. No. 3-96-907 ADM/AJB, 2002 WL 1858759, at *5 -6 (D. Minn. Aug. 12, 2002), *aff'd,* 357 F.3d 860 (8th Cir. 2004). Thus, based on these holdings, the court finds that Doverspike is entitled to prejudgment interest on the $10,000 jury award for compensatory damages from the date of commencement until the entry of judgment at a rate of 4% per annum. *See Muehlstedt v. City of Lino Lakes*, 473 N.W.2d 892, 896 (Minn. Ct. App. 1991) (holding that prejudgment interest is not recoverable on multiple damages, but only on amount of damages prior to applying the multiplier); Minn. Stat. § 549.09 (showing annual percentage rate for prejudgment interest in Minnesota is 4%).

  *4. The Proportionality of Compensatory and Punitive Damages*

Chang O'Hara's argues that the punitive damages award is excessive because it is out of proportion with the compensatory damages award. (Def. Post Judgment Mem. at 6.) "In determining whether an award of punitive damages is excessive, [the court] must consider the degree of

reprehensibility of the defendant's conduct and the ratio between the actual harm inflicted on the plaintiff and the punitive damages award." *Walsh,* 332 F.3d at 1162 (internal quotation marks excluded). The jury found that Chang O'Hara's had either knowingly disregarded federal anti-discrimination laws or acted with reckless indifference to those laws. The punitive damages awarded in this matter total $58,500. This is $31,500 less than the jury thought Doverspike should be awarded. In addition, in comparing the compensatory award with the punitive damages award the court finds that the ratio of punitive damages to compensatory damages is within an accepted range. The ratio of punitive damages ($58,500) to compensatory damages ($30,000) is less than 2 to 1. This is well within accepted ratios. *See Walsh*, 332 F.3d at 1162 (holding that a 3 to 1 ratio is not excessive); *see also Ogden v. Wax Works, Inc.*, 214 F.3d 999, 1011 (8th Cir.2000) (6.5 to 1 not excessive), *Kimbrough v. Loma Linda Dev., Inc.,* 183 F.3d 782, 785 (8th Cir.1999) (10 to 1 ratio not excessive).

    4.  *Civil Penalty*

Minnesota Statutes instruct the court to impose a civil penalty on any employer found to have violated the MHRA. Minn. Stat. § 363A.29, subd. 4. The penalty is payable to the general fund of the State of Minnesota. *Id.* The court should take into account "the seriousness and extent of the violation, the public harm occasioned by the violation, whether the violation was intentional, and the financial resources of the [defendant]." *Id.* Taking into account these factors, the court concludes an assessment of a $1,000 civil penalty is appropriate.

  **C.**  **ATTORNEY FEES AND COSTS**

The final post judgment motion before the court is Doverspike's Motion for Attorney Fees and Costs. Doverspike requests attorney fees in the amount of $70,151.00. Under Title VII, the prevailing

party is entitled to reasonable attorney fees. 42 U.S.C. § 2000e-5(k). The purpose of awarding attorney fees is to "ensure effective access to the judicial process" for persons with claims of discrimination. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). "Accordingly, a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Id.* (internal quotation marks omitted). The awarding of attorney fees, however, is left to the discretion of the district court. *Warren v. Prejean*, 301 F.3d 893, 904 (8th Cir. 2002).

The appropriate method for determining reasonable attorney fees is the lodestar method. *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir.2002). Under this method, the reasonable amount of hours spent on the case is multiplied by a reasonable hourly rate. *Id.* The resulting rate is presumed to be reasonable. *City of Riverside v. Rivera*, 477 U.S. 561, 568 (1986). This figure, however, may be adjusted at the discretion of the district court after considering factors that are relevant to that particular case. *Hensley*, 461 U.S. at 434.[2]

The jury found for Doverspike on all counts and awarded compensatory as well as punitive damages against Chang O'Hara's. There is no dispute that she is a prevailing party. Chang O'Hara's

---

[2] Factors that the court may consider are:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 430 n.3.

additionally does not dispute the reasonableness of the attorney billing rates. Chang O'Hara's argues, however, that the attorney fees should be reduced because (1) the billing statement includes items that are related to a defendant that was dismissed, (2) the requested amount is unreasonable in relation to Doverspike's limited success, (3) the billing statement shows excessive time, unnecessary duplication, and contains vague and imprecise entries, (4) the submitted amount includes amounts duplicated in a companion case, (5) Doverspike failed to provide original time records, and (6) the issues addressed during litigation were not complex. (Def. Opp. Mem. at 1.)

First, there is no indication that the dismissal of Sean LaBonty as a defendant affected the amount of work performed by the plaintiff's attorneys. LaBonty's involvement included the same facts and legal theories as his employer, Chang O'Hara's. Next, a finding fully for plaintiff resulting in compensatory damages of $30,000 and punitive damages of $58,500 represents a level of success consistent with awarding the determined attorney fees. Finally, Doverspike's counsel has submitted a billing statement that includes a list of billable events from September 8, 2003 through March 25, 2005 which describes the date of the work, the attorney, the attorney's rate of pay, and a narrative of the work completed. The court finds that the billing statement is sufficient to support a petition for attorney fees.

Counsel's method of billing out this case, however, has created some confusion. As noted before, Doverspike's counsel is involved in a companion case, *Briel v. Chang O'Hara's Bistro, Inc.*, Civil File No. 03-6549 RHK/AJB. Counsel apparently billed both cases under the same billing number and name. The billing statement submitted in this case contains a significant number of duplicated fee events with fee events listed in the billing statement submitted in the companion case. In addition,

several entries had been duplicated within the billing statement submitted for this case.

Accordingly, the court has deleted all duplicated entries in the statement submitted in this case. In addition, the court determined which events were duplicated in the petition filed in the *Briel* case. The total amount for the entries that were submitted in both cases were divided evenly between the two cases. This has resulted in a reasonable attorney fee based on reasonable hours spend multiplied by a reasonable hourly rate. The court finds that there are no factors in this case to justify the departure from the reasonable amount. The court concludes that Doverspike should be awarded attorney fees in the amount fo $58,383.25 and costs in the amount of $4,253.37.[3]

### III.   RECOMMENDATION[4]

Based on the record, legal memoranda and information therein, arguments of counsel and in light of the foregoing discussion, **THE COURT HEREBY RECOMMENDS** that:

1. Defendant Chang O'Hara's Motion Pursuant to Rule 59 [Docket No. 88] **be granted** to the extent that Plaintiff Doverspike's punitive damages award be reduced to $58,500 and all other relief **be denied**.

2. Plaintiff Doverspike's Motion for Entry in Judgment [Docket No. 93] **be granted** in that:

    i. Doverspike's compensatory damages of $10,000 as awarded by the jury be

---

[3] The submitted costs were reviewed in much the same manner as the fee statements and adjusted accordingly.

[4] Chang O'Hara's has filed for Chapter 7 bankruptcy as of June 3, 2005. This report and recommendation does not address the effect of the automatic stay on cases which involve a party in a bankruptcy proceeding on the district court's issuing an order with respect to this report and recommendation.

        trebled to $30,000;

    ii.    Doverspike be awarded prejudgment interest on the $10,000 jury award for compensatory damages accruing from date of commencement to date of judgment at the rate of 4% per annum; and

    iii.    Defendant Chang O'Hara be assessed a $1,000 civil penalty to be paid to the general fund of the State of Minnesota for its violation of the MHRA.

3.    Doverspike's Motion for Attorney Fees and Costs [Docket No. 99] **be granted** in the amount of $58,383.25 for attorney fees and $4253.37 in costs.

Dated: June 10, 2005

                                                           s/ Arthur J. Boylan
                                                           Arthur J. Boylan
                                                           United States Magistrate Judge

## NOTICE

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before June 24, 2005.